NATHAN FOWLER and SAMUEL GREEN *against* SAMUEL
CLARK.

WRIT of error.

This was an action, in common form, on a promis-
sory note, made by *Fowler* and *Green* payable to *Clark*.

The defendants pleaded, that the note was given as
an escrow to compel them to abide the award of *Ben-
jamin Bull*, *William Durand* and *Henry Bull*, arbitrators
between the plaintiff and the defendants; and that no
award was ever made.

The replication alleged, that it was agreed in the
submission, that *Clark* should deliver to the arbitrators
a deed of a certain piece of land, conveying the same

*June, 1808.*

ROOT
v.
BULL.

Facts stated,
by way of in-
ducement to
a material tra-
verse, are not
traversable;
and the party,
by joining is-
sue on the facts
traversed,
does not ad-
mit the truth
of the induce-
ment.

*Quære*, whe-
ther after a
plea of *no
award*, a re-
joinder of a
*revocation* is a
departure?

to *Green*, and also a deed of another piece of land conveying the same to *Fowler*, and that, on publishing their award, the arbitrators might, on certain conditions, deliver said deeds to the grantees, and also deliver the note on which, &c. endorsed down to such sum as they should find due, to the plaintiff. The replication then alleged, that the arbitrators made and published their award, endorsed down and delivered the note; also delivered said deeds to the grantees; and that *Green* accepted his deed.

To this there was a rejoinder, alleging a revocation of the powers of the arbitrators; and concluding with a traverse of the allegations, that the arbitrators endorsed down the note, that they delivered said deeds to the grantees, and that *Green* accepted his deed. The delivery of the note to the plaintiff was not traversed.

There was then a surrejoinder, taking issue on the facts traversed, without noticing the allegation as to a revocation.

The jury found the issue in the plaintiff's favour.

The defendants then moved in arrest, on the ground, that upon the whole record, judgment ought to be rendered in their favour, or a repleader ordered.

The *superior court* denied the motion, and gave judgment for the plaintiff; on which this writ of error is founded.

*Daggett* and *N. Smith*, in support of the judgment.

1. The averment of a revocation, be it inducement to a traverse, or what it may, is a manifest *departure* from the plea. This depends upon another point, viz.

does the plea of no award mean no award *in fact*, or no *legal* award? We contend that it means no award in fact. In support of this position, we rely upon the following authorities. The first is *Roberts* v. *Marriott*, 3 *Lev.* 300. " Debt on obligation, conditioned to perform an award, so *that it be made and tendered at the house of J. S. such a day*. The defendant pleads *no award*. The plaintiff replies, and shows an award, and assigns a breach. The defendant rejoins, that it was not tendered at the day. The plaintiff demurs : and for the defendant it was argued, that this was no departure ; for it not being tendered, and the submission being conditional with an *ita quod*, it is no award. To which it was answered, that the plea of *no award* is intended of no award at all, either in fact or in law ; but the rejoinder admits an award in fact, but that it is void in law for want of a tender; and so it is a departure. 2 *Roll. Abr.* 692. *pl.* 10. And of this opinion were the whole court, and gave judgment for the plaintiff."

In 2 *Saund.* 189. the same case is reported, and the same decision had ; and in a note to this case, the learned editor reports a case from *Keilway*, in which the same point was decided. " *More* said that he could not do otherwise than he had done ; for when the plea was pleaded, the opinion of the court was, that though the arbitrator made an award before the day, but did not give any notice of it to the party, the award was void, to which the court agreed; and a void award and no award is the same thing ; therefore he might, by way of rejoinder, well show, that the arbitrator did not give any notice to the defendant of the award, in which case the award is void, and so no award in law, and therefore no departure. But the court said, it was a clear departure notwithstanding this reason; for if the matter were so, the defendant ought to have shown it

June, 1808.   in his plea, that he had not notice of it, and so have

FOWLER       helped himself at first."
v.
CLARK.

In *Morgan* v. *Man*, 1 *Sid.* 180. S. C. Sir *T. Raym.* 94.
it was adjudged, "that where to debt on bond, the de-
fendant, after praying oyer of the condition, which was
for performance of an award, pleaded no award made;
the plaintiff replied, and showed an award; the defend-
ant rejoined, that other matters were referred, of which
the arbitrators had taken no notice, and therefore it was
no award; and thereupon the plaintiff demurred. The
court adjudged, that the rejoinder was a departure from
the plea; for the defendant ought to have pleaded this
special matter in his plea at first." The same point
was decided in *Harding* v. *Holmes*, 1 *Wils.* 122.

In *Praed* v. *The Duchess of Cumberland*, 4 *Term
Rep.* 585. to an action of debt on an annuity bond, the de-
fendant pleaded, that no such memorial of the bond as is
required to be enrolled by the statute of 17 *Geo.* III. was
enrolled, &c. before the commencement of the suit.
The plaintiff replied, that a memorial of the bond was
enrolled, which contained the day of the month, year,
consideration, &c. The defendant rejoined, that true
it was, the memorial of the bond was enrolled, but al-
leged that the memorial did not set forth the considera-
tion truly, &c. The court were clearly of opinion that
the rejoinder was a departure from the plea, and in
giving their opinion say, "that the plea of no memorial
enrolled, like the plea of no award, or no *capias ad
satisfaciendum*, tenders issues *in fact*, and not in law."
These are the words of Mr. Justice *Buller*, an able
and accurate lawyer. This judgment was afterwards
affirmed in the *Exchequer Chamber.* 2 *H. Bla.* 280.

In *Kyd on Awards*, 299, 300. it is said, " where the
defendant pleads the common plea of *no award*, he can-

not in general, after the replication, rejoin any thing else than that there was *no such award.* If the award be void, he must demur; because a void award is no award, and the bond is not forfeited by non-performance. He must not rejoin, that the award is void, because that is a departure from his plea." The exceptions to this general rule are:

First, where the submission is general of all matters in controversy, with a proviso that the award be made of the premises. The defendant, in such case, may plead that the arbitrators made no award of the premises; and if the award set forth in the replication do not comprehend all the subjects that were in controversy, he may rejoin that there were other things in controversy, of which the arbitrators had notice, and of which they made no award; concluding that therefore they made no award of the premises, which is so far from a departure from his plea, that it is a confirmation of it. *Kyd on Awards,* 300.

Secondly, if the award was made by an umpire, and the defendant had only pleaded that the arbitrators made no award, he may, on the umpirage being set forth, rejoin performance; for that does not contradict his plea. *Ibid.*

It was admitted on the argument in the court below, that if this rejoinder was a departure, the plaintiffs must have judgment. It is believed, that it is now proved, that a plea of *no award* intends no award *in fact;* and it follows, that an allegation in the rejoinder, that the defendant revoked, is a departure, and therefore required no answer.

2. A repleader never shall be granted, when the issue is found against the party tendering it.

In *Webster* v. *Bannister*, *Doug.* 396. Mr. Justice *Buller* asked if this was not the rule; and said, he could find no case of an exception to it. Such an authority should have weight with the court, until the gentlemen opposed to us can show that it is not law. Is not the rule founded in good sense? The defendant says by traversing the delivery of the note, deeds, &c. that " I am willing to try your right to recover on this note, by the trial of those facts." Those facts, by the verdict, are found against him; and he *now* says, " I wish to try it on other facts." Surely, he may not thus trifle with the court, and his antagonist.

It is admitted by the defendant's counsel, that the facts traversed were material; and if found for the defendants, would have effectually barred the plaintiff of a recovery. But as they have been found against them, they wish to try the case on other facts. In short, the plain language of the defendants is, " we have rejoined double, that is, we have alleged a revocation which is a material fact, and have also denied material allegations in your replication; the material allegations are found against us by verdict; we wish now to try the fact of revocation." The plaintiff answers to this, " your request is unreasonable, and unsupported by the rules of pleading. You have confessedly made a double rejoinder, which must have been held insufficient on demurrer; because you had no right to put in issue two or more independent, distinct facts. We joined issue with you on facts admitted to be material. You have, therefore, tried your case on a material traverse, and have lost it. This is all that the law allows to any party; and your only complaint is, that you have not had what is never indulged to others, the right of trying your case on *several* independent, substantive, and distinct grounds." We apprehend, that no relief can be granted to the defendants, but on application for a new trial

founded on their having missed their plea, for that they should have put in issue the fact of revocation. When such an application shall be made, the court will decide it on its merits, on principles applicable to new trials.

There is one consideration that must settle this point, whether the rule laid down by Mr. Justice *Buller* be correct, or not: a repleader is never awarded in favour of a party tendering an issue, *which is material*, and which is found against him. There is not a shadow of support for the contrary position. The strongest case of a repleader to be found, is *Tryon* v. *Carter*, 2 *Stra.* 994. where to a bond conditioned for payment of money on *or before* the 5th of *December*, the defendant pleads payment *on the 5th of December*, and plaintiff replies, and verdict for the plaintiff; there shall be a repleader, for it is an immaterial issue; and it not appearing but that the money was paid *before* the 5th of *December*. On this case it may be remarked, first, that the repleader was not ordered on motion of him who tendered the issue. The plaintiff traversed the payment on the 5th; and the verdict was in favour of him, who made the denial or traverse of the defendant's plea. Had it been in favour of the defendant, who accepted the traverse, the decision would have been for him. Secondly, whenever this case is cited, it is said, that if the issue had been in favour of the defendant, who accepted the traverse, no repleader would have been allowed. *Per* Lord *Mansfield*, 1 *Burr.* 302. &c.

3. The defendants have put in issue an acceptance of deeds from the plaintiff under this award, and in compliance therewith, and the issue is found against them; therefore, they are not at liberty to question its validity, or to say that they revoked the powers of the arbitrators.

The principle that a subsequent ratification is equal to a prior authority, will not be questioned. There are many cases in which a party is estopped to allege *the truth*, and that by matters *in pais*, as well as by matters of record. *Com. Dig.* tit. *Estoppel*, (A. 3.) A man is estopped to deny that *A. B.* is his tenant, *having accepted rent* from him. *Co. Litt.* 352. a. A wife brings dower and recovers; she shall be estopped afterwards to claim lands settled upon her for jointure. 4 *Co.* 5. Again, in debt for rent, by lessor against lessee, the lessee cannot say, that the lessor had no interest in the tenements; because by accepting a lease, or paying rent, he admits the title. *Bull. N. P.* 170. *Cooke v. Loxley*, 5 *Term Rep.* 4. In ejectment by grantee against grantor, the defendant is estopped to say, that he had no title when he gave the deed. So the endorsor of a note, in an action against him brought by the endorsee, cannot deny the execution of a note by the maker, but must pay it, if it is a forgery. *Lambert v. Park*, 1 *Salk.* 127. Again, a person will make a note his own, by admitting it due, though it were forged, or even by paying others similarly circumstanced. In *Barber v. Gingell*, 3 *Esp.* 60. Lord *Kenyon* ruled, that where the defendant had proved the bill in question a forgery, the plaintiff had done away that defence, by proving that he had in fact paid several bills in the same situation.

Now, let us apply these doctrines to this case. The plaintiff demands of the defendants to pay him a sum awarded to him by arbitrators. The defendants say, " the arbitrators made no award; we are not, therefore, liable." The plaintiff says, " they did make an award; and they awarded, that you should pay the note; and that I should give you a deed of certain lands. I made and delivered the deed; and you accepted it; and still you will not perform your part." The defendants answer, " we revoked the powers of the arbitrators." If

the rejoinder had stopped here, would it not have been insufficient, on the ground that it was incompetent for the defendants to aver this, after admitting that they had taken a deed under the award? So their counsel thought; and therefore added, in their rejoinder, to the allegation of revocation, a traverse of the delivery and acceptance of the deeds; and on this traverse, the facts in issue are found against them. On no principle, therefore, can they complain.

If these observations are just, the defendants cannot have a repleader, on another plain principle of law, viz. that where a verdict has decided the rights of parties, and the court can see how to render a judgment, it shall be rendered either for the plaintiff or defendant, as to law appertains, notwithstanding any informality. In *Rex* v. *Philips*, 1 *Burr.* 292. this principle is fully recognised in a great number of cases there cited; also in *Fitch* v. *Scott*, 1 *Root*, 351.

4. The allegation in this rejoinder that the defendants revoked, is to be entirely disregarded by the court, because it is mere *inducement* to the traverse. Here the question is, in what light an inducement to a travere is to be considered, according to the established rules of pleading?

Judge *Swift*, in the second volume of his *System*, p. 219. says, " It is inconsistent to suppose, that the inducement to the traverse must contain facts that are traversable, when it is conceded that the party traversing does not rely upon the inducement, but upon the traverse. The parties cannot demur to an inducement for its insufficiency; because, if the traverse be taken to a material point, it is good. Nor can they traverse the inducement; because that would be a traverse upon a traverse. In all instances, where the

traverse is properly taken, the opposite party must affirm over the same facts. If we cannot demur to, nor traverse an inducement, it is clear that it has *no legal effect;* and, if the party is bound to affirm over a material fact, when traversed, it is certain, that *he does not admit the truth of the facts stated in the inducement.* Upon these principles, I consider the inducement *as mere form for the purpose of introducing the traverse itself;* and whenever a party intends to deny a fact material, he may as well do it without as with an inducement.

If this opinion of Judge *Swift* be well founded, it is most apparent, that the case is with the plaintiff. But, it is said, that this opinion is erroneous. We admit, that there are cases, where the inducement *may* be traversed. There is no case, however, where it *must* be traversed. The *general rule* is, that it *cannot* be traversed. The exceptions to this general rule, as will be clearly shown, do not affect, in any degree, the present case. All our elementary writers lay down the rule, as Judge *Swift* has, that an inducement is not traversable, or in other words that there cannot be a traverse upon or after a traverse. The reason given must satisfy every lawyer, and every man of good discernment. If an inducement might be traversed, the pleadings might be protracted *in infinitum.* Now, the object of all pleadings is to bring up a point, on which the case *ought* to be decided; and the party is always at liberty to select such point. When he has selected it, and joined issue upon it, he must be concluded thereby, or no end would be put to the altercations of parties.

The exceptions to this rule will, at once, evince the perfect propriety of it, and show that the judgment of the court below in this case is correct. First, attend to the rule. "If there be a traverse of a point apt and ma-

terial to the plaintiff's title, he cannot refuse it,
and tender another traverse." *Com. Dig.* tit. *Pleader,*
(G. 17.) " So a man cannot take a traverse upon
a traverse in any case, where the first traverse is ma-
terial." *Ibid.* Now to the exceptions. " A traverse
after a traverse may be allowed, as where the plaintiff
alleges a trespass *in such a county;* the defendant pleads
a concord for trespass in every *other* county, and tra-
verses the county ; the plaintiff may join issue on the
county, or traverse the concord." *Co. Litt.* 282. b. " So
in trespass on such a day, if the defendant pleads a li-
cense such a day, and traverses all days before, or
since, the plaintiff may traverse the license." *Digby*
v. *Fitzharbert, Hob.* 104. " So in all cases where the
traverse in the bar takes away the *time* or *place* in the
declaration, the plaintiff has his election to join issue on
the traverse, or to traverse the inducement to the tra-
verse alleged by the defendant. But when the induce-
ment is made and concluded with a traverse of a title
shown by the plaintiff, the plaintiff is enforced to main-
tain his title, and not to traverse the inducement to the
traverse." *Chichesley* v. *Thompson et al. Cro Car.* 105.
and *Stockman* v. *Hampton, Cro. Car.* 442. Here the
rule and the exception are laid down with great pre-
cision.

If we advert to an established principle of law, viz.
that *time* and *place,* in *transitory* actions, are immaterial,
we are at once convinced of the reasonableness of this
exception. Let us hear the remarks of Lord *Coke,* in
his *Commentary upon Littleton,* p. 282. b. " In an action
upon the case, the plaintiff declared for speaking of
slanderous words, which is transitory, and laid the words
to be spoken in *London;* the defendant pleaded a con-
cord for speaking of words in all the counties of *Eng-
land, saving in London,* and traversed the speaking of
the words in *London;* the plaintiff, in his replication,

denied the concord; whereupon the defendant demurred; and judgment was given for the plaintiff. For the court said, that if the concord in that case should not be traversed, it would follow, that by a new and subtile invention of pleading, an ancient principle in law (that for transitory causes of action the plaintiff might allege the same in what place or county he would) should be subverted, which ought not to be suffered; and therefore the judges of both courts allowed a traverse upon a traverse in that case: and the wisdom of the judges and sages of the law has always suppressed new and subtile inventions in derogation of the common law." This principle was recognised by the *superior court* in 1796, and by the *court of errors* in 1797, in the case of *Fowler et al.* v. *Macomb*, 2 *Root*, 388. It was an action of *assumpsit* upon a promissory writing. The plaintiffs averred, that the defendant promised (for a good consideration expressed) to receive twenty shares of national bank stock, on the 8th of *January*, 1793, and to pay at the rate of eighty-four and three quarters *per cent.* advance. They then averred, that at *New-York*, on said 8th day, &c. the plaintiffs tendered said stock to the defendant, &c. The defendant pleaded, that by an ordinance of the *United States Bank*, which it was authorized to make, all transfers of stock were to be made at the *United States Bank* at *Philadelphia;* that the plaintiffs did tender certain certificates of bank stock in *New-York*, which the defendant refused to accept; and averred also, that the offering and tender of said certificates in *New-York* was the same offering and tender alleged in the declaration; and traversed the allegation in the declaration, that the plaintiffs offered and tendered twenty shares of bank stock at *New-York*, as alleged in their declaration. To this plea the plaintiffs replied, admitting the tender in *New-York*, as the defendant had confessed it, and alleging a tender in *Philadelphia* precisely as the defendant in his plea claimed it ought to

have been; and then averred, that the offering and tender
mentioned in the defendant's plea at *New-York* with the
offering and tender at *Philadelphia* were the same offering
and tender mentioned in the declaration, and traversing
that the offering and tender at *New-York* were the of-
fering and tender in the declaration. The defendant then
went to issue upon the fact, whether the plaintiffs of-
fered and tendered the bank stock at the *United States
Bank* in *Philadelphia*, as they had alleged in their repli-
cation. This issue was found in favour of the plaintiffs,
and damages assessed. A motion was made to set aside
this verdict, and enter up judgment for the defendant;
for that it appeared from the whole record, that the de-
claration was falsified. The plaintiffs opposed this mo-
tion by saying, first, that this was a transitory action, and
that the place was not material, until made so by the de-
fendant's plea; and when so made, it was competent to
allege the true place, and that such an allegation was
no departure, nor was the declaration falsified: secondly,
that it appeared on the whole record, that the defendant
had violated his contract; that the plaintiffs had per-
formed theirs; and that they, therefore, were entitled
to retain their verdict. So both courts adjudged.

The other exception to the rule, that there cannot be
a traverse after a traverse, is where the first traverse
is not to the point of the action : " As in waste for cut-
ting down and *selling trees;* the defendant pleads that *he
used them for repairs*, and traverses *the selling;* the
plaintiff may waive this, and traverse *the using in repairs;*
for the first point was not material to the action; it was
surplusage in the declaration, and ought not to have been
traversed, and the plaintiff might have demurred on
the traverse." *Digby* v. *Fitzharbert, Hob.* 101. 104. ci-
ted *Com. Dig.* tit. *Pleader,* (G. 19.)

In the case before the court, neither time nor place

June, 1808.

FOWLER
v.
CLARK.

is concerned; and the defendants, by their rejoinder, tender to the plaintiff an issue on a material point, and which, if found against him, would have been fatal to his case. By all the rules of pleading, then, the plaintiff was bound to accept this traverse; and it being found for him, he must have judgment.

We will now consider some objections offered by the defendants' counsel on the former argument. The case of *Richardson et al.* v. *The Mayor and Commonalty of Orford*, in the *Exchequer Chamber*, reported in 2 *H. Bla.* 182. was read as leaning against the doctrine for which we contend. It was an action of trespass, containing five counts, in two of which the plaintiffs alleged, that the defendants had fished in the several fisheries of the plaintiffs; in two other counts, the fishery was alleged to be the *free* fishery of the plaintiffs; and in the fifth count, the defendants were charged with taking the fish of the plaintiffs. The defendants pleaded, that the place where, &c. was an arm of the sea, &c. in which all the subjects of the realm have a right to fish, &c. and that the defendants, being subjects of the realm, fished, &c. as well they might. The replication stated, that the town of *Orford*, &c. was an ancient town, &c. and that *the Mayor and Commonalty of said town had the sole and exclusive right, &c. of fishing in the place alleged, &c. and had from beyond the memory of man, &c.* and the replication concluded with a traverse of that part of the plea, which set up *a right to fish, &c.* in every subject of the realm. The rejoinder, after stating matters by way of inducement, deserted the traverse offered, and concluded by traversing *the right of the Mayor and Commonalty of Orford immemorially to fish in the place, &c. in severalty.* The plaintiffs demurred specially, alleging for cause, that the defendants had not taken issue on a material traverse offered; but had gone away therefrom, and attempted to take issue on other facts stated in the replication. The court of *King's Bench*, as appears in 4 *Term*

*Rep.* 437. gave judgment, that the rejoinder of the defendants was insufficient, because the defendants should have accepted the traverse, which the plaintiffs offered, for that it was material, and would decide the rights of the parties. In the *Exchequer Chamber*, the judgment of the *King's Bench* was reversed; and *Eyre*, Ch. J. gives the following opinion: "From the moment it appeared, that upon the pleadings the plaintiffs might have recovered a verdict in an action of trespass, without having either possession or right, it seemed very difficult to support the judgment. That the first traverse was of the right of *all* the king's subjects to fish in the arm of the sea, stated by the defendants; now this was clearly a bad and immaterial traverse, for it was not only a traverse of an inference of law, but it was so taken that if at the trial it had been proved that it was the separate right of others, and not of the plaintiffs, the issue must have been found for the plaintiffs, not only without their being obliged to prove either possession or right, but where in fact they had neither possession nor right. That an immaterial traverse might be passed over, and the matter of the inducement traversed; which had been properly done in this case by the defendants." This case, when examined, proves, that where the traverse offered is immaterial, the opposite party may leave it, and traverse the inducement. The only point of difference between the two courts was this—The judges of the *King's Bench* said, that the first traverse was *material;* and, therefore, the defendants were bound to accept it; and as they had not, their rejoinder was bad on special demurrer. The judges of the *Exchequer Chamber* said, that the traverse was an inference of law, and therefore bad; and also immaterial, and therefore would not decide the merits of the case. The defendants then might well pass over it, and traverse matter stated in the inducement; which is, as we have before stated, an exception to the

general rule, that a traverse after a traverse is bad. How,
then, does it bear on this case?

But suppose the plaintiffs, instead of demurring to the
defendants' rejoinder, had gone to issue on the traverse
offered, to wit, the prescriptive right of the plaintiffs to
the fishery, and the issue had been found for the plain-
tiffs, that they had such right, we would inquire whether
the defendants could have a repleader? Most unques-
tionably not; for the case of the plaintiffs would have
then been established, to wit, an exclusive right to the
fishery; and yet, in the inducement to the traverse
thus offered, they expressly allege a right, &c. in them
as subjects of the realm to fish, &c. We wish for no
better case to support our points than this; and we are
confident, that no lawyer can read the case cited atten-
tively, and not at once say, that if the plaintiffs, instead
of demurring, had joined issue, and that issue had been
found for them, they must have judgment, notwithstand-
ing the *excellent* matter in the inducement.

In *Thrale et al.* v. *The Bishop of London*, 1 *H. Bla.*
376. Lord *Loughborough* makes the same remark, that
an immaterial traverse may be passed by, and issue
taken on a material fact. This is not denied. No addi-
tional support is derived from this case.

It is contended by the defendants' counsel, that though
the issue might be considered as material without their
inducement, yet that the fact of revocation rendered it
immaterial. This is a novel idea; and it is to be ex-
pected, before it be assumed as a true position, that
some authority to support it should be adduced. In
*Vesey* v. *Harris et Ux. Cro. Car.* 328. a *scire facias* was
brought against husband and wife, alleging that she,
while sole, recovered a judgment against the plaintiff,
and had execution for 26*l.* 13*s.* 6*d.* and obtained the

June, 1808.

FOWLER
v.
CLARK.

money, *of which they were now possessed*, and had afterwards intermarried with the other defendant; and that the judgment had been since reversed; praying for restitution. The defendant pleaded, that after the reversal had, and before the purchase of this writ, he paid to the plaintiff the said 26*l*. 13*s*. 6*d*. *without this, that they are possessed of the said money as alleged.* The plaintiff demurred specially. The court adjudged the plea bad, saying that though the payment was a good plea, yet being pleaded as inducement to an idle traverse, it was all bad. Here the court decided, that if the pleader alleges sufficient matter as inducement, and concludes with a traverse of an *immaterial* fact, it is bad pleading. How much stronger that than this case! But to this novel doctrine, that a substantial allegation in the inducement renders the traverse immaterial, we answer, first, that if our third position be just, that a revocation cannot be alleged as a reason for not paying an award by him who has accepted a deed under the award, then, surely, the allegation is frivolous; for we presume it is not more substantial for being connected with a traverse of an allegation made by the plaintiff. Would not the rejoinder, then, have been insufficient in this case, had it only averred, by way of answer to our replication, that the defendant revoked? This point has already been considered at large. But, secondly, this argument, to wit, that the traverse is rendered immaterial by the fact alleged in the inducement, is founded on a *petitio principii.* We say, that it is never allowed, under any circumstances, to allege a fact in *that way;* and if it be so alleged, the opposite party cannot regard it; but *may*, and, in case it be connected with a material traverse, *must* take no notice of it. The defendants answer, "You must answer it, because it is well pleaded, and requires an answer," *which is the very thing to be proved.*

It is finally said, that this rejoinder is only double, and is to be considered by the court precisely as though no traverse had been made. Here, it was asked in the court below, why the court should be puzzled with names? In this rejoinder there is neither inducement, nor denial, but it was the duty of the plaintiff either to have demurred for duplicity, or to have gone to issue on all the facts alleged, and denied by the defendants. This is breaking down the rules of pleading with a witness. Forms are important to preserve substance; and in courts of justice the forms of justice are eminently useful. The answer to a declaration is, and, we hope, will continue to be, a *plea;* the answer to a plea, a *replication;* and an *inducement* to a traverse has been for centuries, and shall be, an *inducement to a traverse,* and not a *general issue, special plea,* or *rebutter.* To say, that this matter alleged before a traverse taken is not inducement, for the sake of extricating a party from bad pleading, is to innovate where innovation is little to be expected, and less needed. The next step will be, that a traverse is inducement, and inducement a traverse; and, indeed, this position asserts, that *traversable* matter, and matter which *cannot* be traversed, are alike traversable; and, of course, that no land-mark in pleading remains. There is not a *dictum* to be found warranting the idea, that matter alleged as inducement to a traverse, with the facts traversed, are together to stand as a plea, replication, or rejoinder, and to be answered as such. Such a rule would, at a stroke, destroy a rule of first importance, that all pleadings shall be so formed as to bring the parties to a point of law, or fact, or both.

*Ingersoll* and *Staples,* contra.

In the view which we shall take of this case, we shall confine ourselves within narrow limits. The plain-

tiff brings his action on a promissory note. The de-
fendants do not deny that they made such a note, but
say it was delivered as an escrow to enforce the perform-
ance of an award which was never made. The plain-
tiff does not deny that the note was given for this pur-
pose, but, according to the course of pleading in such
cases, replies over an award, sets it out, and avers per-
formance on his part. The defendants, in their rejoin-
der, allege a revocation; and moreover deny, by a
technical traverse, the plaintiff's performance on his part.
The plaintiff does not deny the revocation, but takes
issue on the facts traversed by the defendants. Now,
if we look through these altercations of the parties,
and take that to be true which is averred by one party,
and not denied by the other, we shall find the case
decided, before we come to the issue which was ulti-
mately joined. These facts are, concisely, that the de-
fendants made the note; that they delivered it as an
escrow to compel the performance of an award; and
that before any award was made, they revoked the
powers of the arbitrators. What the plaintiff did after-
wards is of no consequence; and the issue was wholly
immaterial. The only question, then, is, whether the
facts are so stated in these pleadings, that the court can
look at them? The court can clearly see that the note
was made by the defendants; and that it was delivered
conditionally; because these facts are distinctly alleged
on the one hand, and not denied on the other. Why
cannot the court as clearly see the other fact, viz. the
fact of revocation? Surely, not because it is not distinctly
alleged on the one hand, nor because it is denied on the
other. The only reason, which has been suggested, is
drawn from the *location* of the averment: it is placed
*before a traverse*. Good sense discovers no reason
here. One party makes a claim. The opposite party
alleges substantial matter in avoidance, and then denies
certain facts, which, if his allegation be true, are of no

consequence. A common understanding does not perceive how this denial can render the preceding allegation inoperative.

But it is said, that in pleading there must not only be sufficient matter, but it must be deduced and expressed according to the forms of law. A party can no more prevail without observing the latter, than if he is deficient in the former.

After having been taught by authorities, which we could not but respect, that the rules of pleading are founded in sound sense and close logic, we shall be disposed to question the validity of any rules which are opposed to both. But we will inquire, whether there is any positive rule of law, that excused the plaintiff from answering our allegation, because it stood as inducement to a traverse. An inducement is said to be "the showing of cross matter contrary to the allegation of the adverse party." 5 *Bac. Abr.* 379. *Gwil.* edit. *Dyer,* 365. Such matter may be, and often has been, traversed. 1 *Tidd's Prac.* 635. 1 *H. Bla.* 407. The truth is, that an inducement to a traverse may, or may not be traversed, according to the matter which it contains. We understand the decision of the *Court of Exchequer Chamber* in *Richardson* v. *The Mayor and Commonalty of Orford,* in error, to have proceeded on this ground. If, then, this allegation was traversable, the plaintiff, by passing it by unanswered, admitted it. *Blake* v. *West et al.* 1 Ld. *Raym.* 504. *Nicholson* v. *Simpson,* 1 *Stra.* 297. *Hudson* v. *Jones,* 1 *Salk.* 90. 5 *Bac. Abr.* 386. *Gwil.* edit. But, it is said, that this allegation is out of place on another ground, viz. that it is a *departure* from the plea. This is not very evident to "sound sense." The plea says, that there was no award made. The rejoinder *fortifies* this position, by averring, that the powers of the arbitrators were revoked, so that none could be made. The

answer to this is a refinement, which, we presume, will never be adopted by our courts, viz. that when the defendant says, there was *no award*, he means something more than that there was none which the law recognises as an award—that there was no pretended award—nothing which any body ever called an award. If the party means so, it is difficult to see why he should not be left to say so. What is the meaning of *non est factum*, pleaded to a deed? Is it confined to this, that the party never put his hand and seal to such an instrument? Will not proof of a material alteration, of fraud, or of duress, support the plea? Is not the *legal effect* to be regarded, rather than the vague meaning which may be attached to the words in common parlance?

But admitting this allegation in the rejoinder to be a departure from the plea, still we contend, that the defect can be taken advantage of only upon demurrer. In *Praed* v. *The Dutchess of Cumberland, 4 Term Rep.* 585. the demurrer was *special.* In a note to *Richards et al.* v. *Hodges,* 2 *Wms. Saund.* 84. d. the position is laid down in express terms, that " the only mode of taking advantage of a departure is by demurrer." After an issue formed, and a verdict, it is too late to take advantage of a departure. *Lee* v. *Raynes,* Sir *T. Raym.* 86.

By THE COURT, unanimously.(a) A traverse properly taken to the material parts of a declaration, plea, replication, &c. either forms an issue, or, if it concludes with a verification, renders it necessary for the other party to affirm the facts traversed, and join issue upon them. The defendants below, in their rejoinder, traversed a material part of the plaintiff's replication. The plaintiff was bound to take issue upon it. Facts stated by way of inducement to a material traverse are not tra-

(a) BALDWIN, J. did not sit in this case.

versable. Of course, the party, by joining issue on the facts traversed, does not admit the truth of the inducement.

Judgment affirmed.